UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Ryan Olszta              )
    Plaintiff        )
                     )
                     )
v.                       )
                     )   Civil Action No.
                     )
City of Brimfield, Massachusetts, Suzanne Collins, )
Individually and in her capacity as Chair of Board )
Of Selectmen, Pat Leaming, Individually and in )
His capacity as vice chair of Board of )
Selectmen, Martin Kelly, Individually and in his )
Capacity as Secretary of Board of Selectmen, )
Michael Miller, Individually and in His capacity )
as Town Moderator )
    Defendants       )

## COMPLAINT FOR DECLARATORY RELIEF

### PARTIES

1. The Plaintiff, Ryan Olszta, is an individual who resides at 43 Brookfield Rd, Brimfield, MA 01010.

2. The Defendant, Town of Brimfield, is a town located in Brimfield, MA. City Hall has an address of 21 Main St, Brimfield, MA 01010.

3. The Defendant, Suzanne Collins, is an individual who resides at 59 East Hill Rd., Brimfield, MA 01010.

4. The Defendant, Martin Kelly, is an individual who resides at 112 Haynes Hill Rd., Brimfield, MA 01010.

5. The Defendant, Pat Leaming, is an individual who resides at 118 Allen Hill Rd., Brimfield, MA 01010.

6. The Defendant, Michael Miller, is an individual who resides at 66 Five Bridge Road, Brimfield, MA 01010.

## JURISDICTION AND VENUE

7. The Court has Subject Matter Jurisdiction under 42 U.S.C. §§ 1331, 1343.

8. The Court has Personal Jurisdiction the town of Brimfield, and the individuals acting as agents of the town, because they have acted, act and threaten to act under the color of the laws of the Commonwealth of Massachusetts and did so, do so and threaten to do so within the geographic confines of the Commonwealth of Massachusetts.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

10. Ryan Olszta has been a police officer in the town of Brimfield for 6 years.

11. He is also the only openly police officer who is gay.

12. He has been an active member in the community of Brimfield for many years, and he was an active member on the board of selectmen.

13. Ryan Olszta used his position to speak for his community members, and was threatened by other board members, when he called out corruption amongst the town government.

14. Suzanne Collins, who was on the board of selectmen with Ryan Olszta, made several comments about having him fired for speaking out against the corruption, as well as several comments about his sexuality, regarding him visiting his boyfriend at the time, now ex-boyfriend due to the stress of this situation.

15. Pat Leaming and Martin Kelly were elected to the board of selectmen, and Ryan Olszta's position was taken by one of them.

16. Suzanne Collins was elected to the board as Chair, and Pat Leaming was immediately elected as vice chair.

17. Michael Miller made an accusation against Ryan Olszta, and continued to make these accusations against Ryan Olszta to damage his reputation.

18. This accusation was brought to both the district attorney and chief of police and was found to have no bearing or warrant any punishment because Ryan Olszta had not done anything wrong.

19. When it came time to re-appoint police officers, Chief Kuss nominated his current staff for a reappointment of 3 years.

20. Suzanne Collins, Pat Leaming, and Martin Kelly agreed to table Ryan Olszta's appointment for 3 years, and motion to reappoint him for 1 year.

21. Suzanne Collins, Pat Leaming, and Martin Kelly then denied his reappointment for 1 year.

22. Ryan Olszta was the only police offer who was not reappointed.

23. The Board of Selectmen decided to table his appointment for a special hearing.

24. This special hearing was never had.

25. Suzanne Collins, Pat Leaming, and Martin Kelly continually used their positions to silence anyone speaking on behalf of Ryan Olszta.

26. Ryan Olszta was effectively fired from the police department because he spoke out against the town government officials.

**COUNT I – RETALIATION IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS IN VIOLATION OF THE FIRST AMENDMENT**

**Ryan Olszta**
**v.**
**City of Brimfield, Massachusetts, Suzanne Collins, Individually and in her capacity as Chair of Board of Selectmen, Pat Leaming, Individually and in his capacity as former vice chair of Board of Selectmen, Martin Kelly, Individually and in his capacity as Secretary of Board of Selectmen, Michael Miller, Individually and in his capacity as Town Moderator**

27. Plaintiff repeats and reavers paragraphs one through twenty-six as though fully set forth herein.

28. Under color of their position, the defendants retaliated against plaintiff for exercising his First Amendment Right.

29. Plaintiff used his position on the board to question the town's role in the local flea market, as well as board members biases due to board members having personal interest in the flea market.

30. Defendant Collins repeatedly made remarks towards Plaintiff that he would regret questioning them, and that she would have him removed from the board.

31. Under color of their position with the town, Defendants Collins, Leaming, and Kelly retaliated against Plaintiff by refusing to reappoint him.

32. The Board of Selectmen affirm appointments of town officials, and with police officers they seek the advice of the police chief.

33. Defendants refused to reappoint Plaintiff, directly against the chief's recommendations.

34. Plaintiff was the only police officer who was not reappointed to his position.

35. Defendants then refused to have a hearing on whether they would reappoint Plaintiff.

36. This special hearing continually gets moved to a different date.

37. Plaintiff has been in between having a job and not having a job due to the retaliation of the Defendants.

## COUNT II – DISCRIMINATION IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

**Ryan Olszta**
v.
**City of Brimfield, Massachusetts, Suzanne Collins, Individually and in her capacity as Chair of Board of Selectmen, Pat Leaming, Individually and in his capacity as former vice chair of Board of Selectmen, Martin Kelly, Individually and in his capacity as Secretary of Board of Selectmen, Michael Miller, Individually and in his capacity as Town Moderator**

38. Plaintiff repeats and reavers paragraphs one through thirty-seven as though fully set forth herein.

39. Plaintiff is an openly gay man.

40. Defendants have repeatedly made comments about Plaintiff's sexuality, including mentioning his boyfriend.

41. Defendants dislike for Plaintiff's sexuality was a factor in not reappointing his position on the police force.

42. Defendants used the color of their position, working for the town and representing the town, to discriminate against Plaintiff for his sexuality.

## COUNT III – SLANDER IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

**Ryan Olszta**

**v.**
**City of Brimfield, Massachusetts, Suzanne Collins, Individually and in her capacity as Chair of Board of Selectmen, Pat Leaming, Individually and in his capacity as former vice chair of Board of Selectmen, Martin Kelly, Individually and in his capacity as Secretary of Board of Selectmen, Michael Miller, Individually and in his capacity as Town Moderator**

43. Plaintiff repeats and reavers paragraphs one through forty-two as though fully set forth herein.

44. Defendants continually used their positions to damage Plaintiff's reputation within the town.

45. Defendants continually told others that Plaintiff was breaking the law, and that they would get him in legal trouble.

46. Defendants did this in public, during recorded board of selectmen meetings.

47. Plaintiff's reputation has suffered because these false statements made to others.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Ryan Olszta**
**v.**
**City of Brimfield, Massachusetts, Suzanne Collins, Individually and in her capacity as Chair of Board of Selectmen, Pat Leaming, Individually and in his capacity as former vice chair of Board of Selectmen, Martin Kelly, Individually and in his capacity as Secretary of Board of Selectmen, Michael Miller, Individually and in his capacity as Town Moderator**

48. Plaintiff repeats and reavers paragraphs one through forty-eight as though fully set forth herein.

49. Defendants' actions were extreme and outrageous.

50. Defendants publicly humiliated and retaliated against Plaintiff and allowed others to do the same.

51. Defendants, using their position within the town, deliberately attacked Plaintiff in an attempt to shame him, and destroy his public image.

52. Defendants attacked Plaintiff and destroyed his livelihood.

53. These actions were extreme and outrageous and the direct cause of Plaintiff's distress.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Ryan Olszta
### v.
### City of Brimfield, Massachusetts, Suzanne Collins, Individually and in her capacity as Chair of Board of Selectmen, Pat Leaming, Individually and in his capacity as former vice chair of Board of Selectmen, Martin Kelly, Individually and in his capacity as Secretary of Board of Selectmen, Michael Miller, Individually and in his capacity as Town Moderator

54. Plaintiff repeats and reavers paragraphs one through fifty-four as though fully set forth herein.

55. When Defendants fired Plaintiff, under discriminatory premises and in retaliation for exercising his First Amendment Right, Plaintiff suffered emotional distress.

56. Defendants' slander against Plaintiff caused severe emotional distress.

57. Defendants' actions were the direct cause of Plaintiff's emotional distress.

### COUNT VI – DUE PROCESS VIOLATIONS IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

### Ryan Olszta
### v.
### City of Brimfield, Massachusetts, Suzanne Collins, Individually and in her capacity as Chair of Board of Selectmen, Pat Leaming, Individually and in his capacity as former vice chair of Board of Selectmen, Martin Kelly, Individually and in his capacity as Secretary of Board of Selectmen, Michael Miller, Individually and in his capacity as Town Moderator

58. Plaintiff repeats and reavers paragraphs one through fifty-eight as though fully set forth herein.

59. When Plaintiff's position was not reappointed, Defendants stated that there would be a special hearing.

60. Plaintiff was not allowed to defend himself, as these hearings were continually moved without notice to Plaintiff.

61. Defendants used their position with the town to deprive Plaintiff of his chance to speak on his own behalf.

62. Defendants refused to allow Plaintiff, or anyone on behalf of Plaintiff, to speak about this matter during the board of selectmen meetings.

63. Defendants continually stated that it was a matter for the special hearing, which continually was moved and never had.

## COUNT VII – LOST WAGES

**Ryan Olszta**
**v.**
**City of Brimfield, Massachusetts, Suzanne Collins, Individually and in her capacity as Chair of Board of Selectmen, Pat Leaming, Individually and in his capacity as former vice chair of Board of Selectmen, Martin Kelly, Individually and in his capacity as Secretary of Board of Selectmen, Michael Miller, Individually and in his capacity as Town Moderator**

64. Plaintiff repeats and reavers paragraphs one through sixty-three as though fully set forth herein.

65. Defendants misused their positions to keep Plaintiff from earning his living.

66. Plaintiff was not officially fired as a Police Officer.

67. Plaintiff was not allowed to work, but was not fired, while awaiting a special hearing that was never had.

68. Plaintiff missed out on thirty (30) work details, his regularly scheduled hours, and One hundred and ten (110) hours of work during the Brimfield Flea Market.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, the Plaintiff requests that the Court grant the following relief:

a. Nominal Damages for the actions of Defendants as well as the missed work;

b. Punitive Damages for the actions of Defendants;

c. An award of attorneys' fees and costs to Plaintiffs pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), 42 U.S.C. § 1988, and any other applicable statute or authority;

d. Any other relief that this Court in its discretion deems just and proper.

**AND FURTHER, THE PLAINTIFF, STEVEN BRODY, HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS AND ISSUES SO TRIABLE.**

Dated: November 5, 2021

        Respectfully submitted,
        The Plaintiff,
        Ryan Olszta
        By his attorneys,

        /s/ *Andrew J. Couture*
        Andrew J. Couture, Esq. BBO # 671193
        Elizabeth B. Anderson, Esq. BBO# 706920
        Law Office of Andrew J. Couture
        77 Merriam Avenue
        Leominster, MA 01453
        Tel: (978) 502-0221
        Attycouture@gmail.com
        Elizabeth.attycouture@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

        /s/ *Andrew J. Couture*
        Andrew J. Couture, Esq. BBO # 671193

Dated:  November 5, 2021